**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *for the Use and Benefit of* QUALITY SITEWORK MATERIALS, INC.,<br>*Plaintiff*,<br><br>v.<br><br>EVCO DEVELOPMENT LLC *and* EULER HERMES NORTH AMERICA INSURANCE COMPANY d/b/a ALLIANZ TRADE *and* MICHAEL JOHN SAMPOGNARO a/k/a MJ SAMPOGNARO.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-4587<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Quality Sitework Materials, Inc. ("QSM") files this Original Complaint against Defendants EVCO Development LLC ("EVCO"), Euler Hermes North America Insurance Company d/b/a Allianz Trade ("Euler Hermes"), and Michael John Sampognaro a/k/a MJ Sampognaro ("Mr. Sampognaro").

## I. NATURE OF THE ACTION

1. This is an action under the Miller Act, 40 U.S.C. §§ 3131–3134, to recover the sum of $250,964.81, plus prejudgment interest and allowable costs, from the payment bond furnished by EVCO and issued by Euler Hermes in connection with a federal construction project. QSM furnished materials for the project and has not been paid.

2. Additionally, EVCO is liable to QSM for $351,358.48 in unpaid invoices, plus interest, under the credit agreement executed by EVCO on June 7, 2023 (the

"Credit Agreement"). Mr. Sampognaro, as guarantor, is jointly and severally liable with EVCO for the balance.

3. Finally, EVCO and Mr. Sampognaro are liable to QSM for its attorney's fees and court costs incurred in collecting the balance EVCO owes QSM, including through QSM's Miller Act claim against Euler Hermes.

## II. PARTIES

4. Plaintiff Quality Sitework Materials, Inc. is a Louisiana corporation and materials supplier headquartered at 23 E. Airline Hwy., Suite A, Kenner, Louisiana 70062 with its principal place of business in Louisiana.

5. Defendant EVCO Development LLC is a Louisiana limited liability company headquartered at 715 Vatican Road, Carencro, Louisiana 70520 with its principal place of business in Louisiana. EVCO is the general contractor on the project and the principal on the payment bond at issue. EVCO can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, located at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

6. Defendant Euler Hermes North America Insurance Company d/b/a Allianz Trade is a surety company with offices at 3333 Warrenville Rd., Ste. 200, #254, Lisle, Illinois 60532. Euler Hermes issued the payment bond (Bond No. US006927) guaranteeing payment to persons supplying labor and materials for the project. Euler Hermes can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, located at 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

7. Defendant Michael John Sampognaro a/k/a MJ Sampognaro is an individual and the former CFO for Defendant EVCO Development LLC, who executed a credit agreement with QSM on behalf of EVCO. Mr. Sampognaro can be served personally at his address, 311 Doug Drive, Lafayette, Louisiana 70508, or wherever he can be found.

## III. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction pursuant to 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1331. The Miller Act provides an exclusive federal remedy for claims on payment bonds furnished for federal construction projects.

9. Additionally, this Court has supplemental jurisdiction over QSM's breach-of-contract, breach-of-guaranty, and declaratory-judgment claims against EVCO and Mr. Sampognaro under 28 U.S.C. § 1367(a) because they are so related to QSM's Miller Act claim that they form part of the same case or controversy.

10. Venue is proper in this District pursuant to 40 U.S.C. § 3133(b)(3)(B) because the contract was to be performed and executed within the Southern District of Texas. The project is located in Harris County, Texas.

## IV. FACTUAL BACKGROUND

### A. EVCO Executes the Credit Agreement with QSM.

11. On June 7, 2023, EVCO executed the Credit Agreement "submitted for the purpose of inducing [QSM] to extend credit to [EVCO]."[1] Mr. Sampognaro, as

[1] **Ex. A**, Credit Agreement, at 3 ¶ 1.

EVCO's CFO, executed the Credit Agreement on behalf of EVCO and personally bound himself to the Credit Agreement.[2]

12. Under the Credit Agreement, EVCO acknowledged "Net 30-day terms and agree[d] to pay interest to [QSM] on any past due amounts at a rate of 18% per annum[.]"[3]

13. The Credit Agreement also provides that EVCO "agree[d] to pay any attorney's fees and/or court cost [sic] incurred in the collection of [its] account."[4] It further provides that EVCO "agrees to pay all costs of collection, including but not limited to actual attorney's fees incurred by [QSM]."[5]

**B. EVCO Begins a Project for the USACE.**

14. The United States Army Corps of Engineers ("USACE") awarded EVCO a contract for the construction of the "Houston Ship Channel, Texas Segment Beltway 8 Placement Area – Harris County" project (the "Project"). The Project is a public work of the United States within the meaning of 40 U.S.C. § 3131(b), and, upon information and belief, the contract exceeded $100,000.

15. As required by 40 U.S.C. § 3131(b)(2), EVCO furnished a payment bond (Bond No. US006927) with Euler Hermes as surety, for the protection of all persons supplying labor and materials in carrying out the work provided for in the contract. The obligee on the bond is the United States of America.

[2] *See id.* at 3, ¶ 7.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.* at 3, ¶ 5.

16. EVCO issued purchase orders directly to QSM for the supply of materials for the Project, including PO No. 169-03 (72” Duromaxx pipe), PO No. 169-03-01 (steel drain pipe), and PO No. 169-03-02 (precast storm manholes).[6] By nature of the Credit Agreement—EVCO orders directly from QSM, and QSM invoices EVCO directly—QSM is a first-tier material supplier with a direct contractual relationship with EVCO, the contractor furnishing the payment bond, exempting this suit from the notice requirements of 40 U.S.C. § 3133(b)(2).

17. Between June 2025 and March 2026, QSM furnished materials for the Project pursuant to the purchase orders, including, but not limited to, 72” Duromaxx piping, 36” steel drain piping, and precast storm manholes.

18. QSM invoiced EVCO for the materials supplied, with payment terms of Net 30 days. The outstanding balance is reflected in the Accounts Receivable.[7]

19. QSM last furnished materials for the Project on or about March 25, 2026.

20. EVCO has failed to pay QSM for materials furnished for the Project. As of June 5, 2026, the total outstanding balance owed to QSM is $351,358.48, consisting of nine invoices dating from October 21, 2025, through March 25, 2026, less one

---

[6] *See* **Ex. B**, EVCO PO No. 169-03; **Ex. C**, EVCO PO No. 169-03-01; **Ex. D**, EVCO PO No. 169-03-02.

[7] *See* **Ex. E**, QSM Accounts Receivable Statement (the “A/R Statement”).

payment of $196.55 received from EVCO on December 23, 2025.[8] Moreover, pursuant to the Credit Agreement, EVCO owes QSM interest of $27,513.90.[9]

21. As of the date of this complaint, $250,964.81 of the balance is ripe for a claim against Euler Hermes under the Miller Act. QSM seeks recovery under the Miller Act only for those unpaid materials for which more than 90 days have elapsed since QSM furnished the last of the materials included in this Miller Act claim. The invoices comprising the $250,964.81 Miller Act claim are identified in the A/R statement and exclude amounts for which the Miller Act's 90-day waiting period has not yet run.

## V. CLAIMS FOR RELIEF

### A. Count I—Miller Act Payment Bond Claim (Euler Hermes & EVCO).

22. QSM incorporates by reference the allegations contained in the preceding paragraphs.

23. "A Miller Act supplier who deals directly with a prime contractor does not have to give the notice." *Roane v. U. S. Fid. & Guar. Co.*, 378 F.2d 40, 43 (10th Cir. 1967). This requirement is satisfied where a prime contractor orders materials for the project directly from the supplier, and the supplier provides the materials directly to the prime contractor. *See, e.g., id.* at 42–43 ("In each instance an adequate showing was made that the labor or materials were ordered by Johnson for the Keystone project . . . Here the dealings were directly with one of the joint venturers

[8] *See* **Ex. E**, A/R Statement.

[9] *See* **Ex. A**, Credit Agreement, at 2 (providing for interest on past due amounts at a rate of 18% per annum).

who held the prime contract."). Additionally, "in no event is a Miller Act supplier required to give notice to the surety before commencing suit[.]" *United States v. Fid. & Deposit Co. of Md.*, No. CIV.A. RDB-13-00164, 2013 WL 4829051, at *4 (D. Md. Sep. 9, 2013) (citations, internal quotations, and brackets omitted).

24. QSM has a direct contractual relationship with EVCO, the contractor furnishing the payment bond. EVCO executed the Credit Agreement with QSM.[10] Additionally, EVCO ordered the supplies directly from QSM, and QSM invoiced EVCO directly.[11] Thus, QSM is a first-tier material supplier, and no written notice to the contractor or surety is required as a prerequisite to this action. *See* 40 U.S.C. § 3133(b)(1)–(2).

25. There are "three substantive elements of a Miller Act claim: [1] the supplier supplied materials, [2] the supplier was not paid, and [3] the supplier intended the materials to be used on the government's project." *U.S. for Use & Benefit of Canion v. Randall & Blake*, 817 F.2d 1188, 1191 (5th Cir. 1987).

26. QSM furnished materials in carrying out work provided for in a contract for which a payment bond was furnished under 40 U.S.C. § 3131. QSM intended the materials to be used in the Project, given that the purchase orders and sales invoices reference the Project.[12]

---

[10] *See* **Ex. A**, Credit Agreement.

[11] *See, e.g.,* **Ex. B**, EVCO PO No. 169-03; **Ex. F**, QSM Sales Invoice No. 19389; *see also* **Ex. E**, A/R Statement.

[12] *See, e.g.,* **Ex. B**, EVCO PO No. 169-03; **Ex. F**, QSM Sales Invoice No. 19389; *see also* **Ex. E**, A/R Statement.

27. QSM has not been paid in full within 90 days after the day on which QSM furnished the last of the materials for which the $250,964.81 Miller Act claim is made.

28. QSM has not executed any written, signed waiver of its right to bring a civil action on the payment bond after furnishing the materials for which this claim is made.

29. EVCO, as principal, and Euler Hermes, as surety, are jointly and severally liable to QSM for the unpaid balance of $250,964.81 under the payment bond.

30. This action is brought within one year after the day on which QSM last furnished materials for the Project, as required by 40 U.S.C. § 3133(b)(4).

**B. Count II—Breach of Contract (EVCO).**

31. QSM incorporates by reference the allegations contained in the preceding paragraphs.

32. QSM executed a valid and enforceable contract with EVCO: the Credit Agreement.[13]

33. QSM performed all its obligations, or was otherwise excused from performing, under the Credit Agreement.

34. EVCO breached the Credit Agreement by, among other things, failing to pay its invoices within 30 days, leading to damages of $351,358.48. Moreover,

[13] *See* Ex. A, Credit Agreement.

pursuant to the Credit Agreement, EVCO owes QSM interest on the balance in the amount of $27,513.90.[14]

35. Additionally, QSM is entitled to its attorney's fees incurred in collecting the balance owed under the Credit Agreement.

**C. Count III—Breach of Guaranty (Mr. Sampognaro).**

36. QSM incorporates by reference the allegations contained in the preceding paragraphs.

37. Mr. Sampognaro personally guaranteed EVCO's obligations under the Credit Agreement, including EVCO's obligation to pay the amounts owed to QSM and QSM's attorney's fees and costs of collection.[15]

38. EVCO failed to pay QSM's invoices within 30 days, leaving an outstanding balance of $351,358.48, plus contractual interest and collection costs.

39. Mr. Sampognaro breached the guaranty by failing and refusing to pay the amounts due to QSM under the Credit Agreement.

**D. Count IV—Declaratory Judgment (EVCO & Mr. Sampognaro)**

40. QSM incorporates by reference the allegations contained in the preceding paragraphs.

41. An actual controversy exists between QSM and Defendants EVCO and Mr. Sampognaro regarding QSM's right to recover attorney's fees and costs of

---

[14] *See* Ex. E, A/R Statement.

[15] *See* Ex. A, Credit Agreement at 3, ¶ 7.

collection incurred in pursuing this action, including fees incurred in prosecuting QSM's Miller Act claim against Euler Hermes.

42. The Credit Agreement provides that EVCO "agree[d] to pay any attorney's fees and/or court cost [sic] incurred in the collection of [its] account."[16] The Credit Agreement further provides that EVCO "agree[s] to pay all costs of collection, including but not limited to actual attorney's fees incurred by [QSM]."[17]

43. QSM's prosecution of this action—including its Miller Act claim against Euler Hermes—constitutes an effort to "collect" the balance owed on EVCO's account within the meaning of the Credit Agreement. The attorney's fees and costs QSM incurs in this litigation are therefore recoverable from EVCO and Mr. Sampognaro under the Credit Agreement.

44. Moreover, Mr. Sampognaro personally guaranteed EVCO's obligations under the Credit Agreement, including the obligation to pay attorney's fees and costs of collection.[18] Mr. Sampognaro is therefore jointly and severally liable with EVCO for all attorney's fees and costs QSM incurs in this action.

45. QSM seeks a declaration from this Court that: (a) the Credit Agreement's attorney's fees and costs-of-collection provisions are valid and enforceable; (b) QSM is entitled to recover from EVCO and Mr. Sampognaro all attorney's fees and costs incurred in prosecuting this action, including fees incurred

---

[16] Ex. A, Credit Agreement at 2.

[17] *Id*. at 3, ¶ 5.

[18] *See* Ex. A, Credit Agreement at 3, ¶ 7.

in pursuing QSM's Miller Act claim against Euler Hermes; and (c) Mr. Sampognaro is personally liable for such fees and costs under his guaranty.

## VI. JURY TRIAL DEMAND

46. QSM demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

Plaintiff Quality Sitework Materials, Inc. respectfully requests that this Court enter judgment in its favor and award the following relief:

(a) Against EVCO and Euler Hermes, jointly and severally, on Count I for the unpaid Miller Act bond claim in the amount of $250,964.81, plus allowable prejudgment interest, taxable costs, and such other relief available on the payment bond;

(b) Against EVCO on Count II for breach of contract in the amount of $351,358.48, plus contractual interest, attorney's fees, court costs, costs of collection, and such other relief available under the Credit Agreement;

(c) Against Mr. Sampognaro on Count III for breach of guaranty in the amount of $351,358.48, plus contractual interest, attorney's fees, court costs, costs of collection, and such other relief available under his guaranty;

(d) On Count IV, a declaration that the Credit Agreement's attorney's fees and costs-of-collection provisions are valid and enforceable, that QSM is entitled to recover from EVCO and Mr. Sampognaro all attorney's fees and costs incurred in prosecuting this action, including fees incurred in pursuing QSM's Miller Act claim against Euler Hermes, and that Mr. Sampognaro is personally liable for such fees and costs under his guaranty; and

(e) Such other and further relief as the Court deems just and equitable.

Dated: June 10, 2026. [*Signature of counsel on following page.*]

Respectfully submitted,

*<u>/s/ Cody W. Stafford</u>*
Cody W. Stafford
*Attorney-in-Charge*
Texas Bar No. 24068238
S.D. Tex. No. 1129436
*cstafford@doblaw.com*
Jayson K. Hatfield
Texas Bar No. 24140105
S.D. Tex. No. 3880516
*jhatfield@doblaw.com*
DOBROWSKI, STAFFORD & PIERCE LLP
4601 Washington Ave., Suite 300
Houston, Texas 77007
(713) 659-2900

*Attorneys for Plaintiff*
*Quality Sitework Materials, Inc.*